UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEI FRAZIER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOPEZ, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO.   1:10-CV-01656-LJO-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On September 3, 2010, Plaintiff Rodnei Frazier, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff's Complaint is now before the Court for screening.

///////

## II. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. **SUMMARY OF COMPLAINT**

Plaintiff complains that, while he was incarcerated at Kern Valley State Prison ("KVSP"), Defendants violated his rights under the First, Eighth, and Fourteenth Amendments by denying him adequate medical care, denying his prison grievances, and retaliating for his prison grievances and lawsuits against the California Department of Corrections and Rehabilitation ("CDCR") (Compl., p. 1-4, 8 ECF No. 1.)  His health deteriorated as a result. (Id. at 8.)

Plaintiff names the following Defendants in their official and individual capacities: (1) Lopez, a CMO[1] at KVSP, (2) Smith, a C& PR[2] at KVSP, and (3) Akano, a medical doctor employed at KVSP. (Id.) Plaintiff does not demand any relief.

More specifically, Plaintiff alleges as follows:

Plaintiff suffers from sickle cell anemia and has bi-lateral hip replacements. Plaintiff was transferred from the correctional facility in Vacaville to KVSP in March 2007. Plaintiff complains that KVSP has not provided the level of treatment and therapy he received at Vacaville. He has not received an egg-crate mattress, resource drinks for his weight, or a soft shoe chronology. (Id. at 5.) Nor has he been seen by a hematologist. (Id.) His prison appeals seeking such care have not been entirely successful. (Id.) His therapy has been substandard (Id. at 9.) He has developed severe stiffness in his hip joints (Id. at 6) and on occasion has required hospital care. (Id. at 10.) Defendants knew that Plaintiff could not receive adequate medical treatment at KVSP and should have transferred him to a more appropriate facility. (Id. at 6-8.)

Defendant Akano inadequately treated Plaintiff, did not transfer him to an appropriate facility even though told to do so by the CDCR, and denied his related prison appeal. (Id. at 9.)

Defendant Lopez did not transfer Plaintiff to an appropriate facility (Id. at 7), denied his appeal (Id. at 10), and advised him that he was "getting proper treatment and [would be staying at KVSP]". (Id. at 10.)

---

[1] Plaintiff does not define this term.

[2] Plaintiff does not define this term.

Defendant Smith denied Plaintiff's appeal, advising him that transfer denial "was all [Plaintiff's] fault for filing suits against CDCR, so deal with it". (Id. at 7-8.)

Plaintiff also claims retaliation relating to his original transfer to KVSP, (Id. at 12), and to a 12-month SHU punishment where he was "framed for a crime [he] did not do.". (Id. at 11.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Relief Sought

Plaintiff is required to include in his pleading a demand for the relief sought. Fed. R.

Civ. P. 8(a)(3). Plaintiff's Complaint contains no demand for relief.[3] The Court will give Plaintiff an opportunity to make a demand for relief, i.e., state what it is he wants to accomplish or receive if he prevails in his case.

## C. Retaliation

Plaintiff complains that because he pursued his constitutional rights Defendants retaliated against him by refusing to transfer him to a facility better suted to him. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action[4] against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

Defendants' failure to transfer Plaintiff, when Plaintiff is not subject to transfer, is not an adverse action. Plaintiff has not satisfied the first element.[4]

The second and third elements of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant,

---

[3] The Complaint filed with the Court omits a page 9.

[4] See Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006) (De minimis harm is not sufficient to show "adverse action").

a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); accord Hines v. Gomez, 108 F.3d 265, 267–68 (9th Cir. 1997); see also Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges that Defendants took adverse action after and in response to Plaintiff's grievances and suits against the CDCR. Defendant's actions in reviewing Plaintiff's grievances cannot itself afford a basis for liability under Section 1983.. Plaintiff has not satisfied the second element.

Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989); see also Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); see also Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo, 778 F.2d at 532 (9th Cir. 1985). Plaintiff alleges he filed repeated appeals and suits against the CDCR. These allegations, taken as true satisfied the third element.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment

-6-

activities. Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). It cannot be said that Plaintiff's First Amendment rights were chilled; Defendants' took no adverse action; and Plaintiff repeatedly filed grievances. Plaintiff has not satisfied the fourth element.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden, see id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). However, there is no indication of retaliatory conduct by Defendants. There is no indication that Defendants acted in excess of legitimate penological goals in his placeement within the prison system or otherwise.. Plaintiff has not satisfied the fifth element of a retaliation claim.

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim.

To the extent Plaintiff also complains of retaliation by being sent to KVSP in the first place (Id. at 12), and by being "framed for a crime [he] did not do" (Id. at 11), these allegations are neither factually supported nor attributed to any of the Defendants, and fail to state a claim.

If Plaintiff chooses to amend in this regard, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

### D. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>see also</u> <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir.1995); <u>see also</u> <u>McGuckin</u>, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See <u>Wood v. House wright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's sickle cell anemia, if not properly treated could potentially cause significant pain, interference in daily activities and injury. Reyes v. Gardener, 93 Fed. Appx. 283 **1 (2nd Cir. 2004) (sickle cell affliction is a serious medical condition); accord Barksdale v. King, 699 F.2d 744 (5th Cir. 1983); see also McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, Plaintiff has not included allegations sufficient to support a claim that any of the Defendants were deliberately indifferent to Plaintiff's medical needs. There is no evidence that any Defendant knowingly disregarded an excessive risk of harm. Plaintiff received treatment and therapy at KVSP. There is no evidence that the chosen course of treatment and therapy was medically unacceptable. The Eighth Amendment does not require

that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Plaintiff's disagreement with the course of treatment, or the existence of alternative course(s) of treatment at another facility favored by Plaintiff is not deliberate indifference.

If Plaintiff chooses to amend he must set forth sufficient facts showing in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendants.

### E.     Inmate Appeals Process

Plaintiff alleges that Defendants failed to respond properly to his inmate appeals. Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo. July 18, 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff fails to state a claim in this regard. Because amendment

of this claim would be futile, leave to amend will not be granted.

**F.     Facility Transfer**

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Olm v. Wakinekona, 461 U.S. 238, 245 (1983). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Meachum v. Fano, 427 U.S. 215, 225 (1976). Plaintiff may not state a claim for relief based merely on his desire to be transferred to a different facility. Because amendment of this claim would be futile, leave to amend will not be granted.

**G.     Conditions of Confinement**

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff's mere disagreement with the course of treatment and therapy at KVSP does not demonstrate atypical and significant hardship. Plaintiff has not alleged violation of a liberty interest relating to conditions of confinement at KVSP.

If Plaintiff chooses to amend he must allege facts demonstrating Defendants' violation of an identified liberty interest.

**V.     CONCLUSION AND ORDER**

-11-

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed September 3, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:     January 16, 2012            /s/ *Michael J. Seng*
ci4d6                                  UNITED STATES MAGISTRATE JUDGE