UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEI FRAZIER, | CASE NO. 1:10-CV-01656-LJO-MJS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE'S ORDER |
| S LOPEZ, et al., | (ECF No. 16) |
| Defendants. / | |

On September 3, 2010, Plaintiff Rodnei Frazier, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court issued its Order Dismissing Plaintiff's Complaint with leave to amend on January 17, 2012. (ECF No. 12.)   On February 17, 2012, Plaintiff filed a First Amended Complaint which has not yet been screened by the Court.  (ECF No. 15)

Before the Court is a letter Objection to Magistrate's Limiting Plaintiff's Need to Properly Amend. (ECF No 16.) Plaintiff's Objection, which the Court construes as a motion for reconsideration of its January 17th Order Dismissing Plaintiff's Complaint, takes issue with the following language:

"Plaintiff should note that although he has been given the opportunity to amend,
it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605,

607 (7th Cir. 2007)."[1]

Plaintiff argues that he should not be precluded from adding new claims that are directly related to his existing claim.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ... " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ... " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff's request for reconsideration is moot because he has filed a First Amended Complaint. Plaintiff is advised that the language he cites in the Court's January 12th Order precludes him from bringing "unrelated claims against different defendants ...."[2] He may added other claims consistent with controlling law and, where required, leave of the Court.[3]

---

[1] Order Dismissing Plaintiff's Complaint With Leave to Amend, p. 12, ECF. No. 12.

[2] George, 507 F.3d at 607, citing to Fed. R. Civ. P. 18(a).

[3] See generally Fed. R. Civ. P. 15, 18-20; See also United States District Court for the Eastern District - Local Rules, Rule 220.

Plaintiff has not provided grounds or arguments supporting a motion for reconsideration. He has not shown clear error or other meritorious grounds for relief. He has not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, for the foregoing reasons, it is ordered that Plaintiff's Objection to Magistrate's Order (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: March 5, 2012

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE