# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEI FRAZIER, | Case No.  1:10-cv-01656-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. LOPEZ, et al., | (ECF No. 15) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

## I.     PROCEDURAL HISTORY

Plaintiff Rodnei Frazier is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 3, 2010 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint was dismissed for failure to state a claim, but Plaintiff was given leave to file an amended pleading. (ECF No. 12.) Plaintiff filed a first amended complaint (ECF No. 15) which is now before the Court for screening.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

1

1  immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or

2  any portion thereof, that may have been paid, the court shall dismiss the case at any

3  time if the court determines that . . . the action or appeal . . . fails to state a claim upon

4  which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

5  　　　Section 1983 "provides a cause of action for the deprivation of any rights,

6  privileges, or immunities secured by the Constitution and laws of the United States."

7  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

8  Section 1983 is not itself a source of substantive rights, but merely provides a method

9  for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

10  393-94 (1989).

11  **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

12  　　　Plaintiff claims deliberate indifference and retaliation by Defendants (1)Akano,

13  MD and Chief Medical Officer (CMO) at Kern Valley State Prison (KVSP), (2) Lopez,

14  MD and CMO at KVSP, and (3) Smith Correctional Counselor at KVSP.

15  　　　Plaintiff alleges that:

16  　　　He suffers from sickle cell disease and has bilateral hip replacements.

17  　　　He was transferred from the California Medical Facility in Vacaville (CMF) to

18  KVSP on March 22, 2007, in retaliation for his filing Rodnei Frazier v. Department of

19  Corrections, et al.,[1] and pursuant to a conspiracy between the CFM CMO and Akano

20  (CMO Agreement).

21  　　　The transfer was an invalid medical transfer. Defendant Smith told Plaintiff of a

22  "medical teletype" in his C-File, stating Plaintiff was to be returned to CMF following

23  evaluation and treatment at KVSP. Defendants Akano and Lopez denied Plaintiff was

24  transferred to KVSP pursuant to a CMO Agreement for evaluation and treatment.

25  　　　Defendant Akano was indifferent to Plaintiff's medical needs. Plaintiff requested a

26  toilet seat, egg crate mattress and high calorie diet. Several months passed before

27

28  [1] Plaintiff refers to E.D. Cal. Case No. CIV-05-1527 MCE KJM P.

1  Plaintiff received the egg crate mattress. Akano told Plaintiff to "stop crying" and that

2  "that's why [Plaintiff] is here now." (ECF No. 15 at 5:8-9.) Akano did not refer Plaintiff to

3  specialists or for physical therapy. Akano was indifferent to the effects KVSP's severe

4  winter and summer weather had on Plaintiff sickle cell disease and to the fact that

5  Plaintiff's medical needs could not be met at KVSP.

6       Defendant Lopez, who became KVSP CMO after Akano, likewise was indifferent

7  to the invalid and retaliatory transfer and the fact that Plaintiff's medical needs could not

8  be met at KVSP.

9       Defendant Smith, though aware of the CMO Agreement and invalid medical

10  transfer, failed to investigate and rectify.

11       Plaintiff filed 602 appeal(s) relating to transfer back to CMF. They were initially

12  granted and subsequently denied, confirming to Plaintiff that something was "wrong"

13  with his transfer to KVSP. (ECF No. 15 at 6:11-12.)

14       Plaintiff suffered hip stiffness as a result.

15       Plaintiff seeks monetary damages.

16  **IV.   ANALYSIS**

17       **A.      Pleading Requirements Generally**

18       To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

19  that a right secured by the Constitution or laws of the United States was violated and (2)

20  that the alleged violation was committed by a person acting under the color of state law.

21  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

22  1245 (9th Cir.1987).

23       A complaint must contain "a short and plain statement of the claim showing that

24  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

25  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

26  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

27  662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

28  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

1  plausible on its face." Id. Facial plausibility demands more than the mere possibility that

2  a defendant committed misconduct and, while factual allegations are accepted as true,

3  legal conclusions are not. Id. at 667-68.

4  **B.    Retaliation**

5  Within the prison context, a viable claim of First Amendment retaliation entails

6  five basic elements: (1) an assertion that a state actor took some adverse action against

7  an inmate (2) because of (3) that inmate's protected conduct, and that such action (4)

8  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

9  reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559,

10  567–68 (9th Cir. 2005). The adverse action must be sufficient to chill or silence a person

11  of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d at 568–

12  69, citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir.

13  1999), and not in furtherance of legitimate goals of the correctional institution or not

14  tailored narrowly enough to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532

15  (9th Cir. 1985).

16  1.    Transfer to KVSP

17  Plaintiff alleges Defendant Akano retaliated for Plaintiff's filing of Rodnei Frazier

18  v. Department of Corrections, et al., by entering the CMO Agreement causing Plaintiff's

19  invalid medical transfer to KVSP. Prison officials may not "transfer an inmate to another

20  prison in retaliation for the inmate's exercise of his First Amendment rights . . . ." Pratt v.

21  Rowland, 65 F.3d 802, 806. (9th Cir. 1995). However, Plaintiff, in the absence of

22  retaliation, has no constitutional right to be incarcerated at a particular correctional

23  facility or to be transferred from one facility to another. Olim v. Wakinekona, 461 U.S.

24  238, 245 (1983).

25  The allegations in the first amended complaint do not suggest Akano was aware

26  of and motivated by Plaintiff's filing of Rodnei Frazier v. Department of Corrections, et

27  al., or that he acted without a legitimate penological purpose. The action arose at CMF

28  not KVSP. Akano was not a named defendant in the action. Nothing in the timing of

4

1  surrounding events suggests retaliatory motive or intent. <u>Pratt</u>, 65 F.3d at 808. Plaintiff

2  does not explain what reason was given for the transfer or whether penological

3  purposes were alleged to have been furthered. Plaintiff offers only conjecture and

4  surmise in support of this claim.

5             2.      <u>Denial of Transfer from KVSP</u>

6       Plaintiff claims Defendants Akano and Lopez retaliated against him by denying

7  his 602 appeal regarding transfer back to CMF.

8       No facts alleged in the first amended complaint suggest the 602 was denied

9  because of protected activity by Plaintiff or that the 602 was denied other than for

10 legitimate penological purposes. Plaintiff, in the absence of retaliation, has no

11 constitutional right to be incarcerated at a particular correctional facility or to be

12 transferred from one facility to another. <u>Olim</u>, 461 U.S. at 245.

13      Plaintiff was previously advised of the deficiencies in this claim and of what was

14 necessary to correct them. He was given an opportunity to correct them. He was unable

15 to do so. No useful purpose would be served in once again advising him of the pleading

16 deficiencies and how to correct them. He will not be given further leave to amend.

17      **C.      Deliberate Indifference**

18             1.      <u>Medical Needs</u>

19      "[T]o maintain an Eighth Amendment claim based on prison medical treatment,

20 an inmate must show deliberate indifference to serious medical needs." <u>Jett v. Penner</u>,

21 439 F.3d 1091, 1096 (9th Cir. 2006), <u>quoting</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106

22 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) "a

23 serious medical need by demonstrating that failure to treat a prisoner's condition could

24 result in further significant injury or the unnecessary and wanton infliction of pain," and

25 (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at

26 1096, <u>quoting</u> <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate

27 indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or

28 possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096,

1 citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth

2 Amendment, a plaintiff must allege sufficient facts to support a claim that the named

3 defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . . "

4 Farmer v. Brennan, 511 U.S. 825, 837 (1994).

5　　　Plaintiff's sickle cell disease, if not properly treated could potentially cause

6 significant pain, interference in daily activities and injury. Reyes v. Gardener, 93 Fed.

7 Appx. 283 **1 (2nd Cir. 2004) (sickle cell affliction is a serious medical condition);

8 accord Barksdale v. King, 699 F.2d 744 (5th Cir. 1983). Plaintiff has alleged, for

9 purposes of screening, a serious medical need. See McGuckin, 947 F.2d at 1059–60

10 (the presence of a medical condition that significantly affects an individual's daily

11 activities is an indication of a serious need for medical treatment).

12　　　However, the facts alleged in the first amended complaint do not suggest

13 intentional delay, denial, or interference in treatment, or that Defendants intentionally

14 acted in a medically inappropriate manner, see Jackson v. McIntosh, 90 F.3d 330, 332

15 (9th Cir. 1996), or that Defendants caused Plaintiff to suffer harm from hip stiffness or

16 otherwise.

17　　　Plaintiff alleges ongoing access to medical staff who provided treatment. He

18 alleges no facts suggesting medically inappropriate treatment. A mere delay in receiving

19 an egg crate mattress, without more, is not deliberate indifference. Nor is Plaintiff

20 entitled to the treatment of his choice. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

21 1989) (prisoner's mere disagreement with diagnosis or treatment does not support a

22 claim of deliberate indifference).

23　　　As above, Plaintiff was previously advised of the deficiencies in this claim and of

24 what was necessary to correct them. He was given an opportunity to correct them. He

25 was unable to do so. No useful purpose would be served in once again advising him of

26 the pleading deficiencies and how to correct them. He will not be given further leave to

27 amend.

28

6

1          2.      Conditions of Confinement

2          The Eighth Amendment protects prisoners from inhumane conditions of

3    confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison

4    officials have a duty to ensure that prisoners are provided adequate shelter, food,

5    clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726,

6    731 (9th Cir. 2000). But "routine discomfort inherent in the prison setting" does not rise

7    to the level of a constitutional violation. Id. Rather, extreme deprivations are required to

8    make out a conditions of confinement claim, and only those deprivations denying the

9    minimal civilized measure of life's necessities are sufficiently grave to form the basis of

10   an Eighth Amendment violation. Farmer , 511 U.S. at 834; Hudson v. McMillian, 503

11   U.S. 1, 9 (1992). In order to state a claim, the plaintiff must allege facts sufficient to

12   support a claim that prison officials knew of and disregarded a substantial risk of serious

13   harm. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150–51 (9th

14   Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

15         Plaintiff claims Defendants were indifferent to the effect KVSP's severe winter

16   and summer weather had on his sickle cell disease. However he does not identify how

17   and why the weather created a serious risk to his safety, the nature and extent of the

18   risk he faced, Defendants' awareness of the risk, Defendants' response to the risk, if

19   any, and harm caused thereby to Plaintiff.

20         Plaintiff was previously advised of the deficiencies in this claim and of  what was

21   necessary to correct them. He was given an opportunity to correct them. He was unable

22   to do so. No useful purpose would be served in once again advising him of the pleading

23   deficiencies and how to correct them. He will not be given further leave to amend.

24   **V.      CONCLUSIONS AND RECOMMENDATIONS**

25         The undersigned concludes that the first amended complaint fails to state a §

26   1983 claim against Defendants and that leave to amend would be futile and should be

27   denied.

28         Accordingly, for the reasons stated above the undersigned RECOMMENDS that

7

1 this action be DISMISSED, WITH PREJUDICE for failure to state a claim, with said

2 dismissal to count as a strike pursuant to 28 U.S.C. § 1915(g), <u>Silva v. Di Vittorio</u> 658

3 F.3d 1090 (9th Cir. 2011), and the Clerk to close the case.

4      These findings and recommendations will be submitted to the United States

5 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §

6 636(b)(l). Within fourteen (14) days after being served with these findings and

7 recommendations, the parties may file written objections with the Court. The document

8 should be captioned "Objections to Magistrate Judge's Findings and

9 Recommendations." A party may respond to another party's objections by filing a

10 response within fourteen (14) days after being served with a copy of that party's

11 objections. The parties are advised that failure to file objections within the specified time

12 may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153

13 (9th Cir. 1991).

14

15

16

17 IT IS SO ORDERED.

18    Dated:   <u>July 26, 2013</u>         /s/ *Michael J. Seng*

19                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28