# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEI FRAZIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. LOPEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:10-cv-01656-LJO-MJS (PC)<br><br>**ORDER VACATING (1) ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, and (2) JUDGMENT THEREON**<br><br>**(ECF No. 21 & 22)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 18)**<br><br>**DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff Rodnei Frazier is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 3, 2010 pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

1

636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On July 29, 2013, the Magistrate Judge issued findings and recommendations that the action be dismissed with prejudice for failure to state a claim with said dismissal to count as a strike pursuant to 28 U.S.C. § 1915(g). (ECF No. 18.) Any objection to the findings and recommendations was originally due by August 16, 2013. (Id.) However, the Magistrate granted Plaintiff's request to extend to not later than September 23, 2013 the time to file objections. (ECF No. 20.) The September 23, 2013 deadline passed without Plaintiff filing objections or seeking further extension of time to do so. On September 27, 2013, the undersigned adopted in full the findings and recommendations, (ECF No. 21), and entered judgment thereon (ECF No. 22). On September 30, 2013, Plaintiff filed objections to the findings and recommendations. (ECF No. 23.)

The order adopting findings and recommendations and judgment entered thereon shall be vacated so the Court can review Plaintiff's objections.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff's objections re-argue his claims, found deficient by the Magistrate, that Defendants ignored their medical and professional duty and a chief medical officer "teletype agreement" regarding Plaintiff's medical evaluation and treatment at Kern Valley State Prison (KVSP); and retaliated through Plaintiff's transfer to KVSP and denial of transfer from KVSP and related grievance process and in covering up the teletype agreement. However, it remains that claims of retaliation are unsupported by facts of retaliatory intent and are conclusory; in the absence of retaliation, Plaintiff has no right to be incarcerated at a particular correctional facility; Plaintiff has no right to his preferred medical treatment and has not demonstrated intentional delay or denial of medical care or medically inappropriate

---

[1] The Court finds Plain file an application to proceed in forma pauperis or pay the $400 filing fee tiff's status as a pro se prisoner to provide good cause for review of the untimely objections.

treatment; and that Plaintiff has not demonstrated any serious risk arising from conditions at KVSP to which Defendants were intentionally non-responsive causing Plaintiff harm.

Plaintiff also asserts inconsistencies between allegations in his pleading and the Magistrate's findings and recommendations.[2] However, the corrections Plaintiff asserts do not raise an issue of law or fact under the findings and recommendations.

Accordingly, it is HEREBY ORDERED that:

1. The order adopting findings and recommendations and judgment entered thereon (ECF Nos. 21 & 22) are VACATED;

2. The Court ADOPTS the findings and recommendations filed on July 29, 2013 (ECF No. 18) in full;

3. This action is DISMISSED WITH PREJUDICE for failure to state a claim, with said dismissal to count as a strike pursuant to 28 U.S.C. § 1915(g), Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011); and

4. The Clerk of the Court is ordered to close the case.

IT IS SO ORDERED.

Dated:   **October 6, 2013**         /s/ Lawrence J. O'Neill

---

[2] Plaintiff asserts the Magistrate incorrectly states that Defendant Smith told Plaintiff of the teletype agreement; that Defendant Akano MD was CMO of KVSP; and that Defendant Lopez denied the existence of the teletype agreement. The findings and recommendations (ECF No. 18) are hereby corrected in these regards.

3

UNITED STATES DISTRICT JUDGE