# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEI FRAZIER, | Case No. 1:10-cv-01656-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF DISMISSAL OF ACTION** |
| v. | |
| S. LOPEZ, et al., | **(ECF No. 26 & 27)** |
| Defendants. | **CASE TO REMAIN CLOSED** |

Plaintiff Rodnei Frazier is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 3, 2010 pursuant to 42 U.S.C. § 1983.

On July 29, 2013, the Magistrate Judge assigned to this matter issued findings and recommendations that the action be dismissed with prejudice for failure to state a claim with dismissal to count as a strike pursuant to 28 U.S.C. § 1915(g). (ECF No. 18.) Any objection to the findings and recommendations was due by September 23, 2013. (ECF No. 20.) The September 23, 2013 deadline passed without Plaintiff filing objections or seeking extension of time to do so. On September 27, 2013, the Court adopted in full the findings and recommendations and judgment of dismissal was entered thereon. (ECF Nos. 21 & 22.)

On September 30, 2013, Plaintiff filed objections to the findings and

1

recommendations. (ECF No. 23.) The Court vacated the order and judgment of dismissal, considered Plaintiff's objections, and on October 7, 2013 adopted in full the July 29, 2013 findings and recommendations and judgment of dismissal was entered thereon. (ECF Nos. 24 & 25.)

Before the Court are Plaintiff's motions for reconsideration of dismissal of the action. (ECF No. 26 & 27.) Plaintiff argues his objections, that the Magistrate erred in findings his claims non-cognizable. (Id.)

## I.  STANDARD FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). It is not enough to merely disagree with the Court's decision or simply restate that already considered by the court. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II.  NO BASIS FOR RECONSIDERATION

The Court, in its October 7, 2013 dismissal of the action, considered Plaintiff's objections and found them not to raise an issue of law or fact under the findings and recommendations. (ECF No. 24.) The instant motions appear to re-argue the objections, that Defendants ignored their medical and professional duty and a chief medical officer

"teletype agreement" regarding Plaintiff's medical evaluation and treatment at Kern Valley State Prison and retaliated against him through treatment, transfer and the grievance process, and that inconsistencies exist between the pleading and the findings and recommendations. These objections and arguments were found deficient for reasons stated in the Court's October 7, 2013 dismissal. Plaintiff does not provide any newly discovered evidence, or point to any clear error, or suggest there was an intervening change in the controlling law that would require the Court to reconsider its October 7, 2013 dismissal.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. <u>Westlands Water Dist.</u>, 134 F.Supp.2d at 1131; <u>see also</u> <u>In re Pacific Far East Lines, Inc.</u>, 889 F.2d 242, 250 (9th Cir. 1989). Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. (ECF No. 12.) Thus, this was not a situation in which Plaintiff was deprived of notice and an opportunity to amend. Plaintiff's dissatisfaction with the Court's decision is not grounds for reconsideration.

### III.  ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration (ECF No. 26 & 27) are hereby DENIED, and
2. This case shall remain closed.

IT IS SO ORDERED.

Dated:   **October 25, 2013**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE